PER CURIAM:
A 1978 Pontiac Sunbird was stolen from its owner, Gay Burrows, on or about January 11, 1979. Ms. Burrows, who had insured the vehicle with the claimant, received the full cash value for the vehicle from the claimant, in exchange for the title to the vehicle. At some time prior to June 25, 1979, the respondent, Department of Public Safety, came into possession of the vehicle. On or about June 26, 1979, the claimant was informed by respondent’s employee, Officer Pennington, that fthe vehicle was located at respondent’s headquarters in Princeton, West Virginia. The investigation into the theft of the automobile was incomplete at' that time. Officer Pennington informed the claimant that the vehicle could not be released, and any charges against the vehicle would be less than $40.00. Between June 1979 and June 1980, claimant contacted respondent on several occasions and was informed that the vehicle, could not yet be released, and that the vehicle was being stored on the respondent’s impound lot in Princeton with no storage charges being levied against claimant.
On June 30, 1980, claimant contacted the National Automobile Theft Bureau (NATB) to try to regain possession of the automobile. In June 1981, claimant learned that the vehicle had been removed from respondent’s impounding lot by Danieley, Inc., of Princeton, West Virginia, and had been *423 stored by Danieley, Inc., since May 5, 1980. Towing and storage charges were assessed against claimant from May 5, 1980. On or about July 14, 1981, claimant was informed that a lien had been filed against the vehicle by Danieley, Inc., and that the vehicle would be sold at public auction. Claimant then filed suit in the Circuit Court of Mercer County to obtain possession of the automobile. Claimant paid $2,136.50 to Dan-ieley, Inc. for towing and storage charges; $507.50 for attorney’s fees; $120.00 in court costs; and $1,816.75 for services rendered by Crawford and Company to obtain possession of the automobile. Claimant also alleges that as a result of the arbitrary, careless and negligent conduct of respondent, claimant has incurred total losses of $6,080.75, and further requests interest of 10% per annum from May 5,1980.
The respondent, in its Answer, alleges that at the time the claim was filed, April 5, 1982, the automobile was being held by the Prosecuting Attorney of Mercer County. The vehicle was turned over to the Prosecuting Attorney in 1980, to be used as evidence in the trial of the individual accused of stealing the automobile, and had been under the control of the Prosecuting Attorney since that time. The evidence indicates that the charges against the vehicle were assessed after the vehicle left the possession of the respondent. The respondent had no control over the vehicle, and cannot, therefore, be found liable for the charges assessed after turning the vehicle over to the Prosecuting Attorney. The Court must deny the claim.
Claim disallowed.